UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA GOODHEW,

        Plaintiff,

v.

JAMES SAPALA, M.D., et al.,

        Defendants.
_____/

CIVIL ACTION NO. 01-70162

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

I recommend that the Court enter an Order imposing mediation sanctions in the total sum of $850.00 against plaintiff, Laura Goodhew, individually. Mediation sanctions against the Estate of Charles Skidmore, M.D., deceased, should be imposed in accordance with the Stipulated Judgment submitted by the parties.

**II.   REPORT:**

    **A.   Procedural History**

Charles Skidmore, M.D., and Laura Goodhew, his wife, originally filed an action against these defendants in the Circuit Court for the County of Wayne on February 16, 2000. The Complaint asserted claims for recovery based upon medical malpractice (Dr. Skidmore) and for damages based upon spousal rights (Ms. Goodhew). The case was dismissed and refiled in this court on January 12, 2001. Defendants filed their Answer on February 6, 2001.

On April 5, 2002, the court entered a Stipulated Order for referral of the case to the Wayne County Mediation Tribunal for evaluation. On September 18, 2002, that body entered a case evaluation award of $150,000.00 in favor of the plaintiffs. Both plaintiffs and all defendants rejected the evaluation. Thereafter, on November 15, 2002, Dr. Charles Skidmore died. On November 18, 2002, a suggestion of death as to plaintiff Charles Skidmore was filed with the court.

On October 29, 2003, the court granted Plaintiff's Motion to Amend the Complaint. On November 17, 2003, an Amended Complaint was filed, asserting a claim under the Michigan Wrongful Death Act. The Amended Complaint, however, retained the individual claims by plaintiff Laura Goodhew. The Amended Complaint was signed by counsel for plaintiff (Docket Entry 81).

On June 9, 2004, the defendants filed a Motion for Partial Summary Judgment. Plaintiff filed her response on July 7, 2004. On November 1, 2004, the district judge entered an Order granting defendants' Motion for Partial Summary Judgment as to the individual claims of Laura Goodhew. The court ruled that any damages attributable to defendants' conduct and stemming from Ms. Goodhew's marital relationship with the decedent must be pursued in an action under the Michigan Wrongful Death Act. (Docket Entry 103). No judgment was entered at that point.

The case continued to trial on the claims of Laura Goodhew as personal representative of her husband's estate. The trial began on July 19, 2005, and ended with a jury verdict for the defendants on July 28, 2005. Thereafter, on August 1, 2005, the court entered a Judgment for the defendants. On August 16, 2005, the defendants filed the

instant Motion for Mediation Sanctions. The motion was referred to the undersigned magistrate judge, and brought on for hearing on April 5, 2006.

**B.     Analysis**

MCR 2.403 governs issues relating to case evaluation in Michigan courts. By local rule, this court has made MCR 2.403 applicable to civil cases selected for mediation. E.D. Mich. LR 16.3. MCR 2.403(O)(1) imposes liability for an opponent's "actual costs" upon a party who rejects a case evaluation and fails to obtain a "verdict" more favorable to the rejecting party than the case evaluation. Where the opposing party has also rejected the case evaluation, costs are recoverable only if the verdict is more favorable to that party than the case evaluation. Those circumstances do exist in this case.

"Actual costs" are defined in MCR 2.403(O)(6) as "(a) those costs taxable in any civil action, and (b) a reasonable attorney fee based upon a reasonable hourly or daily rate as determined by the trial judge for services <u>necessitated</u> by the rejection of the case evaluation." (Emphasis added).

MCR 2.403(O)(2) provides three definitions of "verdict" for purposes of its application. Those include: (a) a jury verdict; (b) a judgment by the court after a non-jury trial; and (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation. Only the last definition applies to the fact of this case.

I am satisfied that only the attorney fees required to demonstrate the extinguishment of plaintiff's individual claims as a matter of law were "necessitated" by her rejection of the case evaluation. All other attorney fees and costs were unnecessary to defeat Ms. Goodhew's individual case, but were "necessitated" in defending (and ultimately defeating) the representative claims on behalf of the Skidmore estate.

In its Order of November 1, 2004 granting in part defendants' Motion for Summary Judgment, the court determined that any claims for damages accruing to Laura Goodhew individually, arising by reason of the marital relationship, and based upon alleged acts of medical malpractice upon her spouse, could not, after his death, be maintained independent of an action under the Michigan Wrongful Death Act. Plaintiff has not appealed, or otherwise attempted to challenge that determination. Rather, she correctly declares that her individual claims were appropriately asserted by her during her husband's life, and that they were viable at the time of the case evaluation award. She maintains that she should not be disadvantaged by the fact that she was later deprived of those individual claims by operation of the Michigan Wrongful Death Act upon her husband's death. Superficially, her argument is attractive. Plaintiff, however, was not content to assert her spousal damages claims solely in a representative capacity after her husband's demise. Rather, she reasserted her individual claims for damages in an Amended Complaint filed long after Dr. Skidmore's death, and thus subjected defendants to the burden of defending both her individual and representative claims.

It is important to observe the very real extinction between Ms. Goodhew's individual claims and those asserted by her as personal representative of her husband's estate. It is fully appropriate that she be held personally responsible for her actions with respect to her personal claims, and that the estate be held responsible for her decisions as its personal representative. For purposes of analysis, then, the court should treat this case as one involving two separate plaintiffs.

Defendants argue that Ms. Goodhew is personally liable to them "for the entire amount incurred between her rejection of case evaluation on October 16, 2002, through

her dismissal on November 1, 2004." (Defendants' Brief, page 5). They seek an award of $45,954.00, representing $36,229.00 in attorney fees and $9,725.00 in expert preparation fees. They rely upon Ayre v. Outlaw Decoys, Inc., 256 Mich.App. 517, 522 (2003). They maintain that Ms. Goodhew's individual claims were based upon the same theory of liability as those asserted by her husband. "Had one plaintiff accepted and the other plaintiff rejected, defendants would have incurred the same fees in proceeding on the underlying claim." (Defendants' Brief, page 6). I find the argument unpersuasive. In this case, neither Dr. Skidmore, in life, nor his estate accepted the case evaluation award. On the contrary, this action was tried to a jury on the Wrongful Death Act claims of the Skidmore estate. Ms. Goodhew's individual claims, however, were effectively terminated by the court's Order Granting Summary Judgment to the defendants. In Ayre, the Michigan Court of Appeals declared that "the purpose of case evaluation sanctions is 'to shift the financial burden of those attorney fees that would have been avoided by entry of judgment on the basis of mediation.'" 256 Mich.App. at 529. (Citing Taylor v. Anesthesia Assoc. of Muskegon, P.C., 179 Mich.App. 384 (1989)). The essential holding of Ayre "is that the rejecting plaintiff is only liable for the attorney fees the defendant incurred, following case evaluation, defending against the rejecting plaintiff's case only, as if the plaintiff and the defendant were the only litigants in the cause of action." 256 Mich.App. At 524.

> Accordingly, MCR 2.403(O)(6) clearly requires that a causal nexus be established between the services performed by the attorney and the particular party's rejection of the case evaluation. A rejecting plaintiff who is liable for a defendant's attorney fees that accrued as a result of having to defend against that plaintiff's case, only, is liable "for services necessitated by the rejection of the case evaluation."

Id., at 526.

It is important to note that the court granted defendants' request for summary judgment as to Ms. Goodhew's individual claims because, as a matter of law, they were subsumed by representative claims under the Michigan Wrongful Death Act. The only attorney fees and costs "necessitated" by Ms. Goodhew's rejection of the mediation award as to her individual claims were those required for the preparation of that portion of the Motion for Summary Judgment presenting that dispositive issue of law. At the hearing, defendants' counsel estimated that the attorney fees attributable to that issue are $850.00.[1] It is plain that no other attorney fees, expert preparation fees or other costs were necessarily incurred in disposing of Ms. Goodhew's individual cause of action. In the absence of a "nexus" between those claims and the other expenses incurred by the defendants' no fees in excess of $850.00 should be awarded. Rather, those additional fees and expenses were "necessitated" by Dr. Skidmore's (and later his estate's) rejection of the mediation finding. It is also important to note that defendants themselves rejected the mediation award. Thus, it appears that trial was inevitable on the estate claims, regardless of what action Ms. Goodhew may have taken in her individual capacity.

Plaintiff argues that even the $850.00 award is inappropriate in this case because defendants' Motion for Mediation Sanctions was untimely. I disagree. MCR 2.403(O)(8) provides that a request for costs "must be filed and served within 28 days after the entry of the judgment . . .." Plaintiff maintains that the time period began to run upon the entry of the Court's Order Granting Summary Judgment to the defendants on her individual

---

[1] These fees are based upon the expenditure of 6.8 attorney hours at $125.00/hour. I find both the time expenditure and the billing rate to be more than reasonable.

claims. No "judgment," however, was entered at that time. Fed.R.Civ.P. 54(b) provides that, when more than one claim for relief is presented in an action, the Court may direct the entry of a final judgment as to fewer than all the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of a judgment."

> In the absence of such determination and direction, any Order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). In this case the Court did not enter judgment until August 1, 2005, four days following the jury verdict. Plaintiff's Motion for Sanctions was filed on August 16, 2005, well within the 28 day limit.

MCR 2.403(O)(11) specifically authorizes a Court to employ equitable principles in the award of costs where, as here, "the 'verdict' is the result of a motion as provided by subrule (O)(2)(c) . . .." The $850.00 attorneys fees incurred by defendants is overcoming Ms. Goodhew's individual claims were "necessitated" only because she erroneously reasserted those claims in her Amended Complaint following her husband's death. Simple fairness demands that she be held personally responsible for that amount. All other fees and expenses incurred by defendants were required in overcoming the representative claims of the Skidmore Estate, regardless of whether Ms. Goodhew asserted claims individually. Accordingly, they should be charged to the estate alone.

7

For all the above reasons, I recommend that the Court grant Defendants' Motion for Mediation Sanctions, in part, and award sanctions against Laura Goodhew, personally, in the sum of $850.00.  I further recommend that the Court enter an award of mediation sanctions against the Estate of Charles Skidmore, M.D., in the amount stated in the Stipulated Judgment submitted by the parties.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer  
                                                DONALD A. SCHEER  
                                                UNITED STATES MAGISTRATE JUDGE

DATED: April 19, 2006

_____

## CERTIFICATE OF SERVICE

      I hereby certify on April 19, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 19, 2006. **None.**

                                                s/Michael E. Lang  
                                                Deputy Clerk to  
                                                Magistrate Judge Donald A. Scheer  
                                                (313) 234-5217