# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAURA GOODHEW, as Personal
Representative of the Estate of CHARLES
SKIDMORE, M.D.,                                    Civil Case Number: 01-70162

               Plaintiff,                           JUDGE PAUL D. BORMAN
                                                    MAG. JUDGE DONALD A. SCHEER
v.                                                 UNITED STATES DISTRICT COURT

JAMES SAPALA, M.D., ST. JOHN'S
HEALTH SYSTEM, and DETROIT
RIVERVIEW HOSPITAL, jointly and
severally,

               Defendants.
_____ /

### ORDER (1) REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF GRANTING DEFENDANTS' MOTION FOR MEDIATION SANCTIONS AS TO LAURA GOODHEW INDIVIDUALLY; AND (2) DENYING DEFENDANTS' MOTION FOR MEDIATION SANCTIONS AS TO LAURA GOODHEW

Before the Court is the Magistrate Judge's Report and Recommendation in favor of granting Defendants' Motion for Case Evaluation Sanctions. Having reviewed that Report and Recommendation, and Petitioner's objections thereto, the Court rejects the Magistrate Judge's Report and Recommendation.

The majority of the instant case's procedural history is recited in depth in the Report and Recommendation, and is not repeated by this Court below. Not mentioned in the Report and Recommendation's procedural history, however, is that on April 18, 2006, a stipulated judgment representative of case evaluation sanctions was entered into against the Estate of Charles

Skidmore only, in the amount of Ninety-Thousand dollars (Docket No. 131).[1]  As a result of this stipulated judgment, Motion for Mediation Sanctions applies only to Laura Goodhew's rejection of the case evaluation on her individual claims.  The Magistrate Judge's Report and Recommendation was filed on April 19, 2006 and Plaintiff filed her objections on May 1, 2006.

Plaintiff principally argues in her objection that a request for costs must be filed and served within twenty-eight days after the entry of judgment, regardless of whether that judgment is the "final judgment."  Plaintiff avers that the Magistrate Judge was incorrect in finding that the twenty-eight days to file a Motion for Case Evaluation Sanctions began after an entry of final judgment.  Plaintiff contends that Defendants had twenty-eight days from November 1, 2004, the date that her individual rights were terminated.[2]

Michigan Court Rule 2.403 governs issues relating to case evaluation in Michigan courts. By local rule, this Court has made Michigan Court Rule 2.403 applicable to civil cases selected for mediation.  E.D. Mich. LR 16.3.  Michigan Court Rule 2.403(O)(1) states:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.  However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

Essentially, Michigan Court Rule 2.403 imposes liability for an opponent's actual costs upon a party who rejects a case evaluation and then fails to obtain a more favorable verdict than the case evaluation.  A "verdict" includes: "(a) a jury verdict, (b) a judgment by the court after a non-jury

---

[1] See attached Stipulated Judgment.

[2] The Court entered an Order on that date granting Defendants' Motion for Partial Summary Judgment as to Laura Goodhew's individual claims.

trial, and (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2). Actual costs are made up of costs taxable in any civil action and reasonable attorney fees based on hourly or daily rate determined by the trial judge for services performed due to a rejection of the case evaluation.

The Court initially notes that it agrees with the majority of the Magistrate Judge's analysis. The Court agrees that only the attorney fees required to demonstrate the extinguishment of plaintiff's individual claims as a matter of law were "necessitated" by her rejection of the case evaluation. All other attorney fees and costs were unnecessary to defeat Ms. Goodhew's individual case, but were "necessitated" in defending the claims on behalf of the Skidmore estate. Further, the Magistrate Judge was correct in deciding that the attorney fees attributable to Goodhew's rejection of the case evaluation as to her individual claims was $850.00, which represented fees and costs accrued in preparation for that portion of the Summary Judgment Motion. This amount is reasonable, comprised of 6.8 attorney hours at $125.00/hour. Additionally, the Court agrees that no fees in excess of $850.00 should be awarded.

However, the Court does not agree with the Magistrate Judge's recommendation that Defendants' Motion for Case Evaluation Sanctions was timely. In *Braun v. York Properties*, 230 Mich. App. 138 (1998), the plaintiff, a twelve-year-old boy, was injured when bitten by a neighbor's dog. *Id*. at 140. The plaintiff, along with his father, mother and brother, brought an action against his neighbor. *Id*. The trial court granted a direct verdict in favor of the defendants as to the plaintiff's father, mother and brother's claims on February 1, 1995. *Id*. at 150. A jury later found for the plaintiff and the court entered judgment in favor of the plaintiff on February 6,

3

1995. *Id*. Defendants' filed motions for a new trial and judgment notwithstanding the verdict concerning the plaintiff's claims, but their motions were denied on March 16, 1995. *Id*. The defendants then filed a motion for mediation sanctions against the plaintiff's father, mother and brother, on April 6, 1995. *Id*. The *Braun* court denied the defendants' motion for mediation sanctions because it was filed more than twenty-eight days afer the court entered judgement on the plaintiff's father, mother and brother's claims. *Id.* The court found that:

> MCR 2.403(O)(8) provides that the period for requesting costs beings on the date the court enters judgment or the date the court enters an order denying a timely motion for a new trial or to set aside the judgment. For purposes of the court rule, the *judgment* is the judgment adjudication the rights and liabilities of particular parties, regardless of whether that judgment is the final judgment from which the parties may appeal.

*Id*. (emphasis in original). The court held that the defendants' motions for a new trial and judgment notwithstanding the verdict only concerned the plaintiff's claims. *Id*. The court concluded that because the twenty-eight day period for defendants to request mediation sanctions against the plaintiff's father, mother and brother began on February 1, 1995 – the day the court granted a directed verdict for the defendants on their claims – the defendants April 6, 1995 Motion for Mediation Sanctions was untimely. *Id*. at 150-51.[3]

The Court finds that, similar to *Braun*, Defendants' Motion for Case Evaluation

---

[3] Since *Braun*, the Michigan Court of Appeals has reaffirmed the *Braun* decision. In *Crown Tech. Park v. D & N Bank*, Case No. 240213, 2003 WL 22299832, *2 (Mich. App. Oct. 7, 2003) (unpublished), the court held that it recognized in *Braun* "that the moving party must request sanctions when it prevails in a judgment against a party – even if there are other pending claims between the moving party and another party." Additionally, in *Tugender v. Henry Ford Health Sys*., Case No. 243790, 2004 WL 594953, *2 (Mich. App. Mar. 25, 2004) (unpublished), the court held that "the term 'judgment,' as used in MCR 2.403(O)(8), has been defined broadly as 'the judgment adjudicating the rights and liabilities of particular parties, regardless of whether that judgment is the final judgment from which the parties may appeal.'"

Sanctions was untimely. Defendants prevailed on Goodhew's individual claims, by way of the Court granting Defendants' Motion for Partial Summary Judgment on June 9, 2004. The Partial Motion for Summary Judgment adjudicated the rights and liabilities as to Goodhew's individual claims. Thus, there was nothing more to be litigated regarding those claims. Therefore, the twenty-eight day time limit to file a motion for case evaluation sanctions began ticking on June 9, 2004. Defendants did not file their Motion for Case Evaluation Sanctions until August 16, 2005, more than a year after the Partial Summary Judgment Order. As a result, the Court finds Defendants' motion is untimely. Accordingly, the Court DENIES Defendants' Motion for Case Evaluation Sanctions.

      **SO ORDERED**.

                                      s/Paul D. Borman
                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

Dated: July 28, 2006

                            CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 28, 2006.

                                      s/Denise Goodine
                                      Case Manager